**VERIZON NORTHWEST INC, Plaintiff—Appellant,**

**v.**

**ELECTRIC LIGHTWAVE, INC.; Oregon Public Utility Commission; Ron Eachus, in his official capacity as Chairman of the Public Utility Commission of Oregon; Roger Hamilton, in his capacity as Commissioner of PUC; Joan H. Smith, in her official capacity as Commissioner of PUC of Oregon, Defendants—Appellees.**

No. 00–35743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided April 7, 2003.

294

Before: SCHROEDER, Chief Judge, FISHER and PAEZ, Circuit Judges.

## MEMORANDUM *

Verizon Northwest Inc. ("Verizon") appeals from the district court's grant of summary judgment on review of a decision by the Oregon Public Utilities Commission ("OPUC") approving its interconnection agreement with Electric Lightwave, Inc. pursuant to the Telecommunications Act of 1996 ("the Act"), 47 U.S.C. §§ 251–61. Verizon challenges the OPUC's imposition of reciprocal compensation on ISP-bound traffic. Verizon also challenges the reciprocal compensation rate for traffic transported and terminated on Electric Lightwave's network, arguing that under the Act Electric Lightwave should be compensated at the lower end-office rate, not the higher tandem rate because the functional equivalency test has not been satisfied.

We review *de novo* the district court's grant of summary judgment and whether an arbitration agreement is in compliance with the Act and the implementing regulations. *US W. Communications v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1117 (9th Cir.1999). We review all other issues under an arbitrary and capricious standard. *Id.; see also MCI Telecomm. Corp. v. U.S. W. Communications*, 204 F.3d 1262, 1266–67 (9th Cir.2000). Because the terms of the interconnection agreement between Verizon and Electric Lightwave are not contrary to the Act, we affirm the district court's grant of summary judgment.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

■ Verizon first argues that the OPUC's approval of the inclusion of ISP-bound traffic in the reciprocal compensation provision of an arbitration agreement is contrary to the act and the Federal Communications Commission's ("FCC") implementing regulations. Specifically, Verizon contends that (1) ISP-bound traffic is not local and therefore not subject to § 251(b)(5)'s reciprocal compensation requirements, (2) any purported authority to impose reciprocal compensation on non-local traffic is preempted by § 251(b)(5), and (3) the district court improperly relied on findings made by the arbitrator, but never adopted by the OPUC. All of these arguments are foreclosed by our decision in *Pacific Bell v. Pac–West Telecomm., Inc.,* Nos. 01–17166, 01–17181, and 01–17161 (*"Pacific Bell"*), also filed today, in which we held that a state utility commission's approval of the inclusion of ISP-bound traffic in the reciprocal compensation provision of an arbitrated interconnection agreement was not inconsistent with the Act.

As we explained in *Pacific Bell,* "[b]ecause the FCC has yet to resolve whether ISP-bound traffic is 'local' within the scope of § 251, it is not inconsistent with this provision for the state commission to subject ISP-bound traffic to reciprocal compensation ... [and] we therefore reject Appellant's argument that the [state regulatory commission] exceeded its statutory authority by imposing reciprocal compensation on ISP calls." *Pacific Bell.* Because neither the FCC nor the Act has foreclosed the inclusion of ISP-bound traffic in the reciprocal compensation provisions of interconnection agreements, there is no conflict with federal law and OPUC's ruling is not preempted by federal law. Finally, we reject Verizon's argument that because the OPUC did not adopt the arbitrator's conclusion that ISP-bound traffic is local and therefore subject to § 251(b)(5), the district court erred in relying on the arbitrator's conclusion as the basis for upholding the OPUC's ruling. Whether the district court erred in this regard does not influence our *de novo* review of whether the provision at issue in this case is contrary to the Act. As we held in *Pacific Bell,* a state regulatory commission's inclusion of ISP-bound calls in a reciprocal compensation provision is permissible under the act, and therefore we affirm the district court's summary judgment upholding the OPUC's ruling.

## II.

Verizon argues that the district court erred in affirming the reciprocal compensation rate imposed by the OPUC for traffic transported and terminated on Electric Lightwave's network. Verizon contends that it is not obligated to compensate Electric Lightwave at the tandem switch rate because although Electric Lightwave serves a comparable geographic area to the area served by Verizon, its network is not functionally equivalent to Verizon's and therefore it is not eligible for the higher tandem rate.

The basic requirements for setting reciprocal compensation rates are established by the Act. 47 U.S.C. § 252(d)(2)(A). The FCC has promulgated regulations to implement these statutory provisions. *See* 47 C.F.R. § 51.711. Here, the parties dispute the proper interpretation of § 51.711(a)(3) and the FCC's orders implementing that rule. In the FCC's *First Report and Order,* 11 F.C.C.R. 15,499, 1996 WL 452885 (Aug. 8, 1996), the FCC established guidelines for setting reciprocal compensation rates. Relying on language in the FCC's *First Report and Order* with respect to the proper switch rates, Verizon argues that Electric Light-

wave was not entitled to charge the tandem switch rate unless its switch served a comparable geographic area to that served by Verizon's switch *and* was functionally equivalent to Verizon's switch. Thus, Verizon argues that the OPUC erred by not applying the functional equivalence test in addition to the geographic scope test in deciding whether Electric Lightwave was entitled to charge the tandem switch rate.

■ Verizon's argument is precluded by our decision in *U.S. W. Communications, Inc. v. Wash. Utils. and Transp. Comm'n,* 255 F.3d 990, 998 (9th Cir.2001), where we held that the functional equivalency test does not apply in determining whether a CLEC is entitled to charge the tandem switch rate. A CLEC is entitled to the tandem rate if its switch served a comparable geographic area. *Id.* Therefore, we affirm the district court's grant of summary judgment affirming the OPUC's approval of the reciprocal compensation rate for traffic on Electric Lightwave's network.

AFFIRMED

